St. Louis-San Francisco Railway Company *v.*
Fruitmen's Union.

### Opinion delivered February 25, 1924.

1. CARRIERS—LIABILITY OF RAILROAD FOR NEGLIGENCE OF EXPRESS COMPANY.—Where the express business and freight business on a railroad were handled by separate companies, though both had the same agent, the railroad company was not liable for the failure of the express company to furnish a car for the transportation of strawberries.

2. CARRIERS—DUTY TO FURNISH CAR FOR PERISHABLE FREIGHT.—Under Crawford & Moses' Dig., § 931, making it the duty of a carrier to furnish cars for transporting perishable freight within 24 hours from seven o'clock p. m. on the day following application therefor, a railroad company which furnished a car within 24 hours after the application was not liable for damages to the freight.

Appeal from Washington Circuit Court; *W. A. Dickson*, Judge; reversed.

#### STATEMENT OF FACTS.

Appellee brought this suit in the circuit court against appellant to recover damages for the failure to furnish an express car for the shipment of strawberries, and also for the negligent delay in furnishing a refrigerator car for the shipment of strawberries.

The two causes of action are embraced in the same complaint, but are stated in separate paragraphs thereof. In one paragraph it is alleged that, on the 10th day of May, 1920, at Johnson, Arkansas, appellee ordered an iced express car from appellant, for immediate use in loading for shipment 448 crates of strawberries, and, on account of the failure of the defendant to furnish the car, appellee suffered a loss of $896.

In the second paragraph of the complaint it is alleged that, on the 22d day of May, 1920, appellee ordered from appellant, for immediate use in shipping strawberries at Johnson, Arkansas, a refrigerator freight car, and that, by the negligence of appellant in failing to furnish said car as requested, appellee was damaged in the sum of $231.47.

W. L. Devin was the manager of the Fruitmen's Union for the strawberry season of 1920, and was the principal witness for appellee. According to his testimony, on May 10, 1920, he ordered a car from F. C. Morris, who was in charge of the office of appellant at Johnson, Arkansas, to be used in shipping 448 crates of strawberries. Devin ordered from Morris an iced refrigerator express car, and not a refrigerator car. The order was in writing. An express car was ordered because the berries were sold for $1.50 per crate higher shipped that way than if they were shipped in a freight refrigerator car. The berries were to be shipped to Buell Mayes, at Muskogee, Oklahoma. He had purchased the strawberries at the rate of $7.50 per crate on the express car. A refrigerator freight car was furnished, instead of an express car, as ordered, and the berries were shipped to Buell Mayes at Muskogee, Oklahoma, in it. Because they were shipped in a refrigerator freight car, instead of an iced refrigerator express car, he refused to receive and pay for them at the agreed price, and they were sold to him in the refrigerator freight car at a less price, which resulted in a loss to appellee of $1.50 per crate.

On May 22, 1920, Devin shipped an express car full of strawberries for appellee, and had left on hand 83 crates of berries. This was on Saturday. Devin then told Morris that he wanted a car for the 83 crates of berries, and Morris ordered the car for him. Devin intended to ship the berries out on Saturday night. A refrigerator freight car was set out on Sunday, within which to ship the berries. The berries became damaged because they could not be shipped Saturday night, and Devin sold them to a Mr. Curtis for $1.46 per crate. The market price of the berries at that time was $5 per crate in an iced express car.

F. C. Morris was the principal witness for the appellant. According to his testimony, he was the agent of both appellant and the American Railway Express Company at Johnson, Ark., during the strawberry season of

1920. Johnson is a small station in Washington County, Ark., north of Fayetteville. The express company paid him a salary. On May 9, 1920, Devin ordered from Morris an express car, to be loaded the following day. After some discussion about demurrage charges, it was agreed to change the date from the 9th to the 10th inst. Devin applied to Morris for an iced refrigerator express car for immediate use for shipping strawberries, and, in accepting the order for the express car, Morris was representing the American Railway Express Company and not the St. Louis-San Francisco Railway Company. The business of the express company and of the railway company is entirely separate, and separate requisitions are used.

The express company did not have any requisition blanks, and a requisition blank of the railway company was used in transmitting the order; but it was expressly stated that the car wanted was an iced express refrigerator car. Morris, in transmitting the request for the express car, was acting as agent of the express company. A refrigerator freight car, instead of an express car, was set in on the sidetrack at Johnson, to be used in making the shipment, and this car was so used. The requisition was in writing, and dated 5/10/20, and was for one iced express refrigerator car. The requisition was signed by "Fruitmen's Union."

With regard to the second shipment, Morris acted for the railroad in receiving the order for the car. A car had been loaded on Saturday, and 83 crates were left over from the strawberries on hand at that time. Another car was ordered to take care of the 83 crates. This order was made some time Saturday afternoon, and the car was delivered and set on the sidetrack to be loaded on the next day, which was Sunday. The 83 crates were not loaded on it, because the agent of appellee claimed they had been damaged by the delay.

Other evidence was introduced by appellant tending to show that the American Railway Express Company owned its own cars and carried all of the express which

was handled over the railroad of the St. Louis-San Francisco Railway Company in Washington County. The railway company and the express company are separate, and the express business is carried on by the American Railway Express Company.

The jury returned a verdict for appellee, and judgment was rendered upon the verdict against the appellant.

The case is here on appeal.

*W. F. Evans* and *Warner, Hardin & Warner,* for appellant.

1. The court erred in refusing to direct a verdict for the appellant. The proof is clear and unequivocal that the order was for an iced express car. No liability could attach to the railway company for failure to furnish the express car. It was under no duty to furnish express cars, neither was there any evidence justifying the assumption that it held itself out as a carrier of express cars. 1 Hutchinson, Carriers, 86, § 90; 4 R. C. L. 663, § 140; *Id.* 674, § 150; 81 Ark. 373, 388; 4 Elliott on Railroads, § 2223; 242 U. S. 208, 61 L. ed. 251; 184 Pac. 442; 7 A. L. R. 140, 142. Appellant discharged its full duty to the public when it afforded to it reasonable express accommodations, which was done by the American Railway Express Company that transacted the business of supplying express cars upon orders therefor. 171 U. S. 1, 29 L. ed. 792; 2 Hutchinson, Carriers, § 517; 176 U. S. 498, 44 L. ed. 560, 569. The express company was a common carrier, and, as such, required to furnish suitable cars within a reasonable time, etc. 130 Ark. 210, 214; (U. S.) 23 L. ed. 872; 4 Elliott on Railroads, § 2106, note 41; 10 C. J. 48, note 26; Transportation Act 1920, § 400. Morris, the agent, acted solely for the express company in receiving and forwarding the order. He was, necessarily, not an employee of the appellant in that transaction. 1 Roberts, Fed. Liab. of Carriers, 907, § 522; (U. S.) 65 L. ed. 205; 171 N. Y. App. Div. 652, 157 N. Y. Supp. 420. Before the plaintiff could fix any liability on the railway company for failure to furnish cars,

it must have shown an offer to bring itself into contractual relations with the company. 4 Elliott on Railroads 656, § 2225; 61 Ark. 562. Notice given on one day for a car that was wanted on the next day was not a reasonable notice. C. & M. Digest, § 931; 146 Ark. 355.

2. As to the second car ordered, the proof is that a freight refrigerator car was ordered on Saturday the 22d, and that it was delivered on Sunday, the 23d of May, within thirty hours from the time the order was given. It was delivered in a reasonable time. 4 R. C. L. 678, § 153; 4 Elliott on Railroads 657, § 2225; C. & M. Digest, § 931; 84 Ark. 311.

Hart, J., (after stating the facts). We will first take up the shipment of May 10, 1920, for the 448 crates of strawberries. Upon this branch of the case the undisputed evidence shows that appellee was not entitled to recover against appellant, and the circuit court therefore erred in not directing a verdict in appellant's favor.

The undisputed evidence showed that the express business was handled by the American Railway Express Company, which was a separate company from the St. Louis-San Francisco Railway Company. The express company owned its own cars and handled all the express shipments. It is true that both companies had the same agent, and that the express company operated its cars over the railroad tracks of appellant; but this did not render the railway company liable for any negligence of the express company in failing to furnish cars for its business. The agent of the shipper testified that he ordered an iced refrigerator express car for the shipment of his 448 crates of strawberries. This was done because appellee could get $1.50 more a crate if the strawberries were shipped in an express car. The express company and the railway company had the right to employ the same person as agent. No conflict of duty could arise in serving the two companies.

The agent also testified that appellee ordered an express car for the shipment of 448 crates of strawberries, and that, in accepting the order, he acted for the express

company. The failure of the express company to furnish an express car could not render the railway company liable. It had nothing whatever to do with the transaction, and the mere fact that it set out a refrigerator car for the use of the shipper would not render it liable for the failure of the express company to send an express car, as requested by appellee.

Therefore the court erred in not directing a verdict in favor of appellant, in so far as the first shipment of 448 crates of strawberries is concerned.

According to the allegation of the complaint, the cause of action for the second shipment is also based upon the alleged failure of the railway company to furnish an iced refrigerator express car for the shipment of the 83 crates of strawberries on the 22d day of May, 1920. If recovery is to be sought on the allegation of the complaint, the appellant will not be liable, for the reasons above stated. That is to say, the railway company is not liable for the failure of the express company to furnish the car, because the business of the two companies is separate and distinct. However, according to the evidence of appellant, a refrigerator freight car was ordered for the shipment of the 83 crates of strawberries. It appears that these berries were left over on Saturday from a quantity of berries which had been loaded into an express car for shipment. A telegraphic order was sent for a car some time Saturday afternoon, and it was intended to ship the berries in it some time Saturday night. Appellee ordered a refrigerator car, and it was not delivered until some time Sunday morning. Appellee claimed that the 83 crates of strawberries had become damaged by being kept over Saturday night, and appellee then sold them at a loss on Sunday rather than ship them in the refrigerator car. The refrigerator freight car in question was received at Johnson, Ark., pursuant to the order made on Saturday, and was received about 28 hours after the order was given to appellant's agent at Johnson.

Section 931 of Crawford & Moses' Digest regulates the duties of a carrier when a shipper makes application to a

station agent for a car, or cars, to be loaded with perishable freight, such as fruit and vegetables. The section provides that such railway company shall furnish a car, or cars, in the kind and quantity ordered at the place of shipment, within twenty-four hours from seven o'clock p. m. on the day following such application.

As we have already seen, the undisputed evidence shows that the refrigerator car was furnished by the railway company within the time prescribed by the statute. If it be said that the complaint should be amended so as to conform to the proof of appellant, there is no negligence shown on its part. Hence the appellee was not entitled, under the proof, to recover damages for the delay in furnishing a refrigerator car by the railway company for the shipment of the 83 crates of strawberries.

It follows, from what we have said, that the circuit court erred in not directing a verdict in favor of appellant, and for that reason the judgment must be reversed, and the cause will be remanded for a new trial.